

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2002

# Amer Life Ins Co v. Parra

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Amer Life Ins Co v. Parra" (2002). *2002 Decisions.* Paper 676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-1858

———

AMERICAN LIFE INSURANCE COMPANY,

Appellant

v.

CARLOS D. PARRA;
ASIAT S.A.;
THE PARKWAY CORPORATION

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 98-cv-00401)
District Judge: Hon. Roderick R. McKelvie

———

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2002

Before:  SLOVITER, FUENTES, Circuit Judges
and DIAMOND,* District Judge

(Filed                                )

———

OPINION OF THE COURT

———

*       Hon. Gustave Diamond, United States District Court for the Western District of
        Pennsylvania, sitting by designation.

1

SLOVITER, <u>Circuit Judge</u>.

Appellant, American Life Insurance Company (ALICO), appeals to this court from the District Court's Amended Order vacating the preliminary injunction it had previously entered as to arbitration and dismissing ALICO's request to order the institution of a new arbitration panel. Because we conclude that the District Court correctly interpreted our decision in <u>American Life Ins. Co. v. Parra</u>, 265 F.3d 1054 (3d Cir. 2001) (table), unreported opinion in No. 99-5983 (July 6, 2001), by allowing Carlos D. Parra, formerly an ALICO General Managing Agent, to proceed with his damage claims in arbitration, conditioned on Parra's withdrawal of the fraudulent inducement claim, we will affirm.

**I.**

Inasmuch as the parties are familiar with the lengthy factual and procedural background of this case, which is extensively set forth in the opinion of the District Court, we refer only to those facts as are pertinent to the issue under consideration.

Parra, an Argentinean citizen, sold off-shore unlicensed life insurance for ALICO in Latin America. Over many years, Parra developed a network of agents for selling ALICO life insurance that was known as the "Parra Network." Parra and two of his closely related companies, Asiat and the Parkway Corporation, received commissions and bonuses from ALICO for policies sold or renewed through network sales persons.

Parra and Asiat (collectively Parra) initiated an arbitration proceeding against ALICO on July 31, 1996, pursuant to an arbitration clause in an agreement between the parties entered into on November 1, 1991. He alleged that ALICO breached agreements

2

between the parties and sought damages for the alleged destruction of the Parra Network and wrongful misappropriation of that workforce.

ALICO responded by filing an action in the District Court for the District of Delaware based on a forum selection clause in a General Release entered between ALICO and Parra on October 1, 1994. Parra released claims with respect to certain broker/agents in return for ALICO's payment of $127,292.30. In the Delaware action, ALICO sought an injunction prohibiting Parra from prosecuting claims related to the Parra Network in the arbitration proceeding and declaratory relief that the release was valid. As an affirmative defense, Parra asserted that the release was void because ALICO fraudulently induced his acceptance of the release by misrepresenting its imminent discontinuance of the relevant line of insurance. He also contended that the release was executed under duress. The District Court preliminarily enjoined proceeding with the arbitration. After a jury trial, the jury found in favor of Parra on both his fraudulent inducement and duress claims. The District Court found sufficient support for the jury's verdict as to fraudulent inducement. The Court vacated the preliminary injunction and allowed the arbitration to proceed.

ALICO appealed several of the District Court's orders. While the appeal proceeded, the Arbitration Panel heard evidence but adjourned prior to any final deliberation pending ALICO's appeal. This court affirmed that there was sufficient evidence to support the jury's finding of fraud. American Life Ins. Co. v. Parra, No. 99-5983 (3d Cir. July 6, 2001), at 6. We also held that the District Court erroneously held

3

that the release was void, rather than voidable, and therefore erred by vacating the preliminary injunction without limiting the claims Parra could pursue in arbitration. We stated that due to Parra's success on his fraudulent inducement claim, he was "presented with a choice of remedy: [he] could either elect to rescind the contractual release at issue, or [he] could affirm it and sue for damages." Id. at 8 (citations omitted). Consequently, we directed the District Court to amend its order to give notice that it vacates the preliminary injunction "only if [Parra] abandon[s] [his] claim of damages for fraudulent inducement in the pending arbitration proceeding." Id. at 9.

On remand, the District Court held that Parra could proceed with the arbitration because he elected to rescind the release, amended his claim before the Arbitration Panel, and agreed not to seek any damages for ALICO's fraudulent inducement in obtaining the release. In addition, the Court found that Parra was not required to return the consideration ALICO paid to Parra for the release, $127,292.30 plus interest, prior to proceeding with the arbitration proceeding. Rather, the Court's Amended Order required the Arbitration Panel to offset any damages awarded to Parra by the amount of the consideration owed ALICO. If the Panel failed to make the offset, or the amount of consideration exceeded any award by the Panel, the District Court retained jurisdiction over ALICO's claim for recovery. Finally, the District Court held that requiring Parra to withdraw his fraudulent inducement claim before the Arbitration Panel satisfied this court's mandate on remand and the court denied ALICO's request for a new arbitration hearing.

Subsequent to the District Court's Amended Order, the Arbitration Panel awarded

4

Parra $3,750,000 for losses suffered due to ALICO's "misappropriation of, and interference in, the network Parra developed." Panel Decision at 16. The Panel explicitly stated that the issue of the fraudulent inducement of the release was not submitted nor considered by the Panel. Panel Decision at 12. ALICO appeals the District Court's Amended Order allowing Parra to continue the arbitration proceeding.

## II.

The District Court had subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331. ALICO sought to enjoin part of an arbitration initiated under the Inter-American Convention on International Commercial Arbitration, and therefore, the case arises under the laws and treaties of the United States. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review where the decision is based upon the interpretation and application of the law. Epstein Family P'ship v. Kmart Corp., 13 F.3d 762, 765-66 (3d Cir. 1994).

ALICO challenges the District Court's Amended Order, seeking reversal and a new arbitration proceeding. First, ALICO argues that the District Court committed error by allowing Parra to continue with the arbitration without first properly rescinding the release. It notes that we had held that because the release was fraudulently induced, it was voidable, but not void. A voidable contract remains in full force until the party with the power of avoidance rescinds the contract. See Aetna Cas. & Sur. Co. v. Duncan, 972 F.2d 523, 526 (3d Cir. 1992). ALICO claims that Parra's failure to return the consideration received for the release means that the release is still enforceable and that Parra cannot seek arbitration

5

until the consideration is repaid.

The District Court correctly dismissed this argument. Although the Court recognized that Parra must elect a remedy by either rescinding the release or suing for damages on the release, it held that Parra could rescind the release and seek arbitration before returning the consideration to ALICO. Here, Parra elected to rescind the release and amend his claim before the Panel by dropping any claims based on the fraudulent procurement of the release. Moreover, the District Court, considering the unique circumstances of this case, found that requiring Parra to repay the consideration prior to the arbitration would "hold the arbitration hostage." App. at A-18. Given Parra's need for flexibility, and the absence of any harm to ALICO, a delay in repayment was warranted. See DiSabatino v. United States Fid. & Guar., 635 F. Supp. 350, 356 (D. Del. 1986)(in a tort case, the consideration for a rescinded settlement could be deducted from the final amount of damages); Restatement (First) of Restitution § 65(f), cmt. e (1937) ("If what has been received is merely money which can be credited upon the amount which will be paid to the transferor, it is unnecessary to require him to offer to repay it."). In any event, as Parra argues, the issue is moot in this case because ALICO's claim for return of the consideration is currently being heard by the District Court. Thus, the District Court did not err in finding that Parra properly rescinded the release while delaying return of the consideration to ALICO.

ALICO argues that even if Parra took adequate action to rescind the release, he waited too long by first bringing fraudulent damages claims based on the release. However,

6

ALICO waived this issue by failing to raise it before the District Court. It is well established that, "failure to raise an issue in the district court constitutes a waiver of the argument." Medical Protective Co. v. Watkins, 198 F.3d 100, 105-06 n.3 (3d Cir. 1999)(citation omitted).

ALICO also contends that the District Court erred by delegating the issue of repayment to the Panel when that issue was before the District Court due to the forum selection clause in the release. ALICO's argument is moot because the Panel refused to consider the issue and it is now before the District Court.

Finally, ALICO argues that the District Court should have required designation of a new arbitration panel. ALICO contends the Panel was biased by its prior receipt of evidence on Parra's fraudulent inducement claims. We hold that by barring Parra's fraudulent inducement claims the District Court satisfied the requirements of our decision. See Parra, No. 99-5983, at 9 ("the order will be effective only if the appellees abandon their claim of damages for fraudulent inducement in the pending arbitration proceeding."). Our decision did not require the District Court to nullify the extensive work of the Panel. Arbitration panels are professional bodies able to discern the evidence relevant for the claims before them. In this case, the District Court properly found that a new panel was unnecessary and wasteful. Its conclusion was supported by the Panel's findings, which stated, "[t]he fraudulent inducement of the 'Release' issue was not submitted to nor ever considered by this Panel. The Panel has never considered any evidence during the hearings regarding whether the 'Release' was fraudulently obtained." Panel Decision at 11-12.

Thus, the District Court's limitation on Parra's claims adequately fulfilled the requirements of our decision.

## III.

The District Court properly amended its Order on remand.  Accordingly, we will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion

_____
Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-1858

———

AMERICAN LIFE INSURANCE COMPANY,
                                        Appellant
                        v.

CARLOS D. PARRA;
ASIAT S.A.;
THE PARKWAY CORPORATION

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 98-cv-00401)
District Judge:  Hon. Roderick R. McKelvie

————

Before:  SLOVITER, FUENTES, <u>Circuit</u> <u>Judges</u>
and DIAMOND,* <u>District</u> <u>Judge</u>

<u>JUDGMENT</u>

This cause came on to be heard on the record from the United States District Court

for the District of Delaware and was submitted pursuant to Third Circuit LAR 34.1(a) on

October 28, 2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this

————————————

\*      Hon. Gustave Diamond, United States District Court for the Western District of
Pennsylvania, sitting by designation.

Court that the order of the said District Court entered February 25, 2002 be, and the same is, hereby affirmed. Costs taxed against appellant. All of the above in accordance with the opinion of this Court.

ATTEST:

_____
Clerk

Dated:

October 29, 2002

To:         Marcia M. Waldron, Clerk

From:       Judge Sloviter

            Re:  American Life Insurance Co. v. Parra,
                 No. 02-1858
                 Submitted October 28, 2002

Dear Marcy:

        Enclosed for filing is the not precedential opinion in the above case which has been cleared in accordance with our procedure.  A signed original will be delivered to your office.

DKS/mlk                              DKS
Enclosure

cc:     Judge Fuentes
        Judge Diamond

11